UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal No. 11-151 (ESH) |
| JACQUELINE L. WHEELER, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Dr. Jacqueline Wheeler's motion to dismiss Counts 2 through 39 based upon multiplicity. These charges arise from an investigation into bills submitted to D.C. Medicaid by the Health Advocacy Center ("HAC"), which is a registered provider of health care and rehabilitative services to Medicaid recipients. (Indictment ¶ 8.) Defendant, a registered naturopath and Chief Executive Officer of HAC, allegedly submitted or caused to be submitted false claims to D.C. Medicaid for services which were not provided to the D.C. Medicaid recipients. (*Id.* ¶¶ 1, 22, 25, 28.)[1] On May 13, 2011, defendant was indicted on one count of health care fraud in violation of 18 U.S.C. § 1347 and thirty-nine counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035. (Indictment ¶¶ 19, 27.)[2]

Count 1 alleges that defendant participated in a scheme to defraud Medicaid by billing for

---

[1] In the District of Columbia, the Medicaid Program is administered by the Department of Health Care Finance ("DHCF"). (*Id.* ¶ 5.) The allegedly false bills were submitted to Affiliated Computer Services, Inc., which is the payment agent with whom DHCF contracts. (*Id.* ¶ 6.)

services that were not provided.  (*Id.* ¶¶ 25-26.)  Counts 2 through 39 allege that she made false statements in the individual insurance claims that were submitted to Medicaid.  (*Id*. ¶¶ 27-28.)  Defendant argues that Count 1 is multiplicitous with Counts 2 through 39 (collectively) under *Blockburger v. United States*, 284 U.S. 299, 304 (1932), because § 1035 is a "lesser included offense" of § 1347.  (*See* Def.'s Mot. at 6, 8.)  Moreover, defendant contends that Counts 2 through 39 should be dismissed before trial to avoid the risk of negatively influencing the jury to convict on at least one count to render a "compromise verdict."  (*Id.* at 7.)

The danger of a multiplicitous indictment is that defendant will be given multiple sentences for the same offense, thus violating the Double Jeopardy Clause of the Constitution. Under *Blockburger*, 284 U.S. at 304, this clause is violated "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  When applying *Blockburger*, courts "must examine each relevant statute on its face" rather than the facts of the case.  *United States v. White*, 116 F.3d 903, 931 (D.C. Cir. 1997).  However, even if charges are multiplicitous, punishment under both statutes is permissible if Congress so intended.  *See Garrett v. United States*, 471 U.S. 471, 779 (1985); *United States v. White*, 116 F.3d 903, 931-32 (1997).

The fact that Congress created two distinct offenses in the United States Code raises the presumption that Congress intended for these offenses to be cumulative.  *See United States v. Sachakov*, 812 F. Supp. 2d 198, 208-10 (E.D.N.Y. 2011); *see also United States v. Harris*, 959 F.2d 246, 251-52 (D.C. Cir. 1992).  However, the question of whether charges under § 1347 and

---

[2] In Counts I and II, defendant is also charged under 18 U.S.C. § 2(b), which provides for liability as a principal for whoever "willfully causes an act [which is an offense to the United

§ 1305 are multiplicitous when based on the same underlying conduct appears to be one of first impression in this jurisdiction. Accordingly, it is most appropriate to allow all of the counts to go to the jury, which would allow the Court of Appeals to address the multiplicity question. *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999) ("[M]ultiplicity claims are better sorted out post-trial."); *United States v. Dale*, 991 F.2d 819, 859 (D.C. Cir. 1993) ("Given the absence of controlling D.C. Circuit precedent, the trial court correctly submitted the [potentially multiplicitous] counts to the jury.").

Defendant's claim that submitting all counts to the jury may generate prejudice in the eyes of the jury is unpersuasive given the charges in this case and the fact that potential prejudice can be addressed through carefully-crafted jury instructions. *Cf. United States v. Phillips*, 177 F.3d 200, 201 (D.D.C. 1997). In addition, since the charges are based on the same sets of facts, allowing all of the counts to go to the jury poses less risk of prejudice to defendant. *See United States v. Clark*, 184 F.3d 858, 872 (D.C. Cir. 1999) ("detect[ing] no prejudice" in allowing multiplicitous counts to be tried where the evidence "was identical"); *United States v. Cook*, No. 07-192, 2007 U.S. Dist. LEXIS 75679, at *3 (D.D.C. Oct. 11, 2007). Moreover, any harm can be remedied after trial should the jury return a verdict on all counts.

Defendant's motion to dismiss is therefore **DENIED** without prejudice to being renewed after trial.

---

States] to be done." (*Id.* ¶¶ 25, 27.)

**SO ORDERED**.

                                         /s/
                         ELLEN SEGAL HUVELLE
                         United States District Judge

Date:  May 22, 2012